U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2002 DEC -5 PM 4:51
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WEISLAW "WES" SIKORSKI | * | CIVIL ACTION |
| VS. | * | NO. 02-3603 |
| HALLIBURTON ENERGY SERVICES, INC. AND ATWOOD OCEANICS, INC. | * | SECTION SECT. S MAG. 2 |

*****************************************

**COMPLAINT UNDER 33 U.S.C. Sec. 905(b) and ALTERNATIVELY UNDER 46 U.S.C. Sec. 688**

NOW INTO COURT through undersigned counsel comes Weislaw "West" Sikorski, who, with respect, asserts this complaint against Halliburton Energy Services, Inc. and Atwood Oceanics, Inc., Complainant, with respect, shows:

I.

Weislaw "Wes" Sikorski is a person of the full age of majority and a citizen and resident of the State of Alaska.

II.

Halliburton Energy Services, Inc. is an Oklahoma corporation with its principal place of business in a state other than Alaska. Halliburton Energy Services, Inc. operates an energy division

Fee 150.00
Process
X Dktd
CtRmDep
Doc. No. 1

known as Sperry-Sun Drilling Services. This defendant is doing business in the Eastern District of Louisiana and the waters adjacent thereto.

III.

Defendant, Atwood Oceanics, Inc., is a Texas corporation with its principal place of business in Houston, Texas. At all times pertinent hereto, Atwood Oceanics, Inc. owned and operated a semi-submersible drilling barge known as the ATWOOD HUNTER that was capable of navigation as a vessel. This defendant does business in the Eastern District of Louisiana and the waters adjacent thereto.

IV.

The parties herein are of diverse citizenship and the amount in controversy exclusive of interests and costs is in excess of $75,000 and this Honorable Court has jurisdiction pursuant to 28 U.S.C. Sec. 1332. The incident made the basis of the litigation herein occurred when the vessel ATWOOD HUNTER was engaged in petroleum exploration services off the Louisiana coast adjacent to the Eastern District of Louisiana in an area known as Green Canyon, Block 298.

V.

At all times pertinent herein, Complainant, Weislaw Sikorski, was a maritime employee working aboard a vessel in navigation in the Gulf of Mexico and is entitled to proceed under 33 U.S.C. 905(b) and alternatively was a seamen within the meaning of that term as understood in 46 U.S.C. Sec. 688 known as the Jones Act.

VI.

That said Complainant alternatively was a member of the crew of the vessel ATWOOD HUNTER.

VII.

At all times pertinent hereto, Complainant was an employee of the Sperry Sun Drilling Services, Division of Halliburton Entergy Services, who was providing essential services to the vessel ATWOOD HUNTER as the vessel engaged in oil and gas exploration. In particular, Complainant was a mud logger aboard said vessel.

VIII.

On October 26, 1999, Complainant, Weislaw Sikorski, was involved in an automobile accident in the State of Alaska and sustained personal injuries there. However the injuries were not of sufficient severity to cause him to miss his employment in the Gulf of Mexico. He arrived at his employment in the Gulf of Mexico and advised his employer, Sperry Sun Drilling Services, a division of defendant, Halliburton, of the accident and he proceeded offshore to the ATWOOD HUNTER then drilling in the Gulf of Mexico at Green Canyon.

IX.

At the time of the incident herein, Complainant had been required to work for five weeks straight, 14 hours per day on different tours and sustained numerous falls on board the ATWOOD HUNTER on account of drilling fluids on the decks and on the ladders.

X.

During the course of the Complainant's duties aboard the ATWOOD HUNTER, his low back and knee swole and became symptomatic so that he could not properly perform his duties and the medic aboard the ATWOOD HUNTER was duly advised and provide him with aspirin type medication.

XI.

Complainant sought relief from his duties but was required to work five weeks without relief working 14 hour shifts. At the end of five weeks, Complainant sought time off because of his injuries, stress and tension, but was advised by his superior at Sperry-Sun Drilling Services that he should work one more week or otherwise he was fired. At this point, December 6, 1999, Complainant's blood pressure rose to such a degree as to render it unsafe for him to continue to work and since that time he has been totally disabled as a result of the knee and lower back injuries which were severely aggravated by his work and by the hypertension produced by the long hours on board the ATWOOD HUNTER without any relief whatsoever. On December 6, 1999, Complainant's condition became such that he had to be evacuated from the ATWOOD HUNTER.

XII.

Defendant, Halliburton, through its subsidiary, Sperry-Sun Drilling Services, was negligent in:

a) Failing to heed the complaints of its employee concerning his physical condition relative to his knee and low back;

b) Insisting that the employee work beyond reasonable hours and limits;

c) Imposing such working conditions as would trigger hypertension;

d) Failing to relieve Complainant of his duties so as to preserve his health

e) Failing to recognize the dangers inherent in driving Complainant beyond reasonable limits of performance;

f) Failing to provide proper medical treatment for Complainant's knee and low back and hypertension when being made aware of same;

g) Threatening to relieve Complainant of his job if he did not continue working for one additional week; and

h) Such other acts of negligence, imprudence and want of skill as may be shown on the trial of this cause.

XIII.

Defendant, Atwood Oceanics, Inc., was negligent in violation of the general maritime law and was also the owner and operator of the semi-submersible vessel ATWOOD HUNTER in the following specific but not exclusive particulars:

a) Failing to have adequate personnel on board to perform the mud logging services required so that the vessel might perform its mission, the crew was inadequate to perform the tasks of the vessel;

b) Failing to have adequate and proper medical personnel on board the ATWOOD HUNTER who would recognize the deteriorating physical condition of the seaman Complainant herein.

c) Failing to maintain the semi submersible vessel ATWOOD HUNTER in a seaworthy condition in that oil, such as oil based drilling mud, accumulated on surfaces wherein Complainant had to climb up and down to accomplish mud logging operations and slipped and fell on occasions;

d) Failing to have trained medical personnel on board with adequate knowledge and diagnostic skills to recognize the situation relative to Complainant who was compelled to work beyond limits which were reasonable in the circumstances;

e) And, such other unseaworthiness and acts of negligence which may be shown on the trial of this cause.

XIV.

As a result of the negligence, imprudence and/or want of skill and the unseaworthiness of the vessel, ATWOOD HUNTER, Complainant is now totally and permanently disabled by virtue of his low back injuries, his knee injuries and hypertension.

XV.

Complainant avers that his employer, Halliburton, has failed to provide Complainant with compensation and or adequate maintenance and cure. Complainant is in need of maintenance and cure and his employer has failed to provide him with necessary and reasonable cure. Complainant avers that it has been recommended that he have surgery at this time and is currently undergoing such surgery. Claimant has received certain long term disability benefits from his employer.

XVI.

Complainant has sought the recovery of Longshoreman and Harbor workers benefits as a maritime employer and the defendant Halliburton has controverted his claim contending that complaint lacks both situs and status to present such a claim. Complainant is either a seaman or a maritime worker. If complainant is a seaman, complainant is entitled to the remedies of a Jones Act seaman, unseaworthiness and maritime tort; in the event complainant is a maritime worker, then complainant is entitled to remedies against the vessel owner under 33 U.S.C. 905(b).

XVII.

Complainant requests trial by jury in this diversity case and under the Jones Act.

WHEREFORE, Complainant, Wesilaw "Wes" Sikorski, with respect, prays that this Complaint be deemed good and sufficient and that after due proceedings had there be judgment herein in favor of Complainant and against Halliburton Energy Services, Inc. and against Atwood Oceanics, Inc., in such sums as will fairly and justly compensate Complainant for the injuries and

disabilities which he has sustained, and for trial by jury, and for all general and equitable relief, and costs.

Respectfully submitted,

**PORTEOUS, HAINKEL & JOHNSON**

**W. Ryan Acomb**
**Bar No. 16,780**
**William A. Porteous, III, Trial Attorney**
**Bar No. 10,600**
704 Carondelet Street
New Orleans, LA 70130
Telephone: 504-581-3838

**Counsel for Weislaw Sikorski**