U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED MAY 12 2005
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WEISLAW SIKORSKI | CIVIL ACTION |
| VERSUS | NO. 02cv3603 |
| HALLIBURTON ENERGY SERVICES, INC., *ET AL.* | SECTION "S" (2) |

# JURY INSTRUCTIONS

## 1. GENERAL INSTRUCTIONS

MEMBERS OF THE JURY:

It is the duty and responsibility of the court to instruct you as to the law which you are to apply in this case. The law contained in these instructions represents the only law for your guidance, and it is your duty to follow the law as I instruct you regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. You are the sole judges of the facts of this case.

You should consider all the instructions about the law as a whole and regard each instruction in the light of the others, without isolating one particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the

___ Fee________
___ Process________
_X_ Dktd________
___ CtRmDep________
___ Doc. No.________

evidence. The statements of counsel do not constitute evidence but are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence upon which those arguments rest. What the lawyers say or do is not evidence. However, you may consider their arguments in the light of the evidence that has been offered and determine whether their assertions are supported by the evidence produced at this trial. You will determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts. You must apply those facts to the law as I instruct you.

You are required by law to decide this case in a fair, impartial and unbiased manner, based entirely on the law that I instruct you on and on the evidence presented to you in the courtroom. You should not be influenced by passion, prejudice or sympathy which you might have for the plaintiff or defendant in arriving at your verdict.

In this case, the plaintiff has the burden of proving his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find plaintiff has failed to prove his case by a preponderance of the evidence, then he has failed to prove his case.

The evidence you are to consider consists of the testimony of the witnesses, the documents admitted into evidence and any fair inferences and reasonable conclusions which you can draw from the facts and circumstances which have been proved. The deposition testimony that was admitted is entitled to the same consideration by you as if the witness had been present and had testified from the witness stand in court.

Generally speaking there are two types of evidence. One type is direct evidence, such as the testimony of an eyewitness. Indirect or circumstantial evidence is evidence which proves a

fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction whatsoever between direct and circumstantial evidence. You must consider both and find the facts in accordance with the preponderance of all the evidence, both direct and circumstantial.

You alone are to determine the questions of the credibility or truthfulness of the witnesses. In weighing the testimony of witnesses, you may consider the witness's manner and demeanor on the witness stand, their feelings, interest, prejudice or bias, and the consistency or inconsistency of their testimony considered in the light of the circumstances surrounding that testimony. Have they been contradicted by other credible evidence? Have they made statements at other times and places contrary to those made here on the witness stand?

You must give the testimony of each witness the credibility you think it deserves.

Even though a witness may be a party to the action and is therefore interested in its outcome, their testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, and if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witnesses are weighed not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence.

I have accepted several witnesses as experts. Those persons shown to be qualified by education, training or experience as experts in a particular field may testify to their opinions and may state their conclusions. You are to decide the relative weight to be given to expert witnesses' testimony. You may consider the ability and character of the witness, their actions upon the witness stand, the weight and process of reasoning by which they have supported their

opinion, their possible bias in favor of the side for which they testified, their relative opportunity to study and observe the matters about which they testified, and any other matters which serve to support their statements. The opinion of an expert is only as sound as the accuracy of the facts upon which they predicate it. So, in evaluating the opinion of an expert, you should consider the facts they assert as the basis of that opinion and then decide whether or not those facts have been substantiated by a preponderance of the evidence. If you should decide that the opinion of an expert witness is not based upon sufficient education, experience, or reasoning, you have the right to reject that testimony. You are the sole and exclusive judges of the credibility of witnesses, the expert witnesses as well as the lay witnesses, and you determine what weight to give their testimony.

The law considers a corporation as though it were an individual. In a suit against a corporation, you must consider and decide the case as you would between persons of equal stations in life. Corporations are entitled to the same fair trial as a private individual. All persons, including corporations, stand equal before the law.

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that this person is entitled to a judgment. Anyone may make a claim and the fact of making that claim does not in any way tend to establish that claim, and is not evidence. Injury alone does not raise a presumption of negligence. In this case, the plaintiff must prove the liability of the defendant by a preponderance of the evidence.

**2. LIABILITY**

Because plaintiff was a maritime worker at the time of his service on board the ATWOOD HUNTER, you must determine whether plaintiff's injuries were caused in whole or in

part by the negligence of the defendant, the operator of the vessel. In order to recover, plaintiff must establish:

1. That the defendant was negligent; and

2. That such negligence was a legal cause of the plaintiff's injury.

Negligence is the failure to exercise reasonable care under the circumstances. Reasonable care is that degree of care that a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances, or in failing to do something that a reasonably careful person would do under like circumstances.

Negligence is actionable only where it is both a cause in fact and a legal cause of the injury. Legal cause requires a proximate relation between the actions of Atwood Oceanics, Inc. and the harm which occurs, if any, and such relation must be substantial in character. A proximate cause is generally defined as any cause which, in natural and continuous sequence, unbroken by any efficient, intervening cause, produces the result complained of and without which the result would not have occurred.

The defendant contends that the plaintiff was negligent and that such negligence was a legal cause of his own injury. The plaintiff has the duty to exercise reasonable care to protect himself from injury. To be successful in this defense, the defendant bears the burden of proving that the plaintiff was negligent. The defendant must establish:

1. That the plaintiff was negligent; and

2. That such negligence was a legal cause of the plaintiff's own injury.

If you find that the defendant was negligent, but that the plaintiff was also negligent, then

the plaintiff will not be barred from recovery, but his recovery will be reduced by the percentage of his negligence. If you find that the accident was due partly to the fault of the plaintiff, that the plaintiff's own negligence was responsible for the injury, then you must indicate the percentage of his own fault as your finding on the special verdict form. Your finding that the plaintiff was negligent does not prevent him from recovering; but reduces the plaintiff's total damages by his percentage of negligence.

3. **DAMAGES**

If you find that the defendant is liable, you must award the amount you find by a preponderance of the evidence as full and just compensation for all of the plaintiff's damages. Compensatory damages are not allowed as a punishment against a party. You may award compensatory damages only for injuries that the plaintiff proves were proximately caused by the defendant's allegedly wrongful conduct. Such damages cannot be based on speculation, for it is only actual damages - what the law calls compensatory damages - that are recoverable. However, compensatory damages are not restricted to actual loss of time or money; they include both the mental and physical aspects of injury, tangible and intangible. They are an attempt to make the plaintiff whole, or to restore him to the position he would have been in if the accident had not happened.

If you decide to award compensatory damages, you should be guided by common sense. Computing damages may be difficult, but that is how our system compensates injured persons. The law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. You must use sound discretion in fixing an award of damages, drawing reasonable inferences where

you find them appropriate from the facts and circumstances in evidence.

Some of these damages, such as mental or physical pain and suffering, are intangible things about which no evidence of value is required. In awarding these damages, you are not determining value, but you should award an amount that will fairly compensate the plaintiff for his injuries.

You should consider the following elements of damages, to the extent you find that the plaintiff has established such damages by a preponderance of the evidence: physical pain and suffering including physical disability, impairment, and inconvenience, and the effect of the plaintiff's injuries and inconvenience on the normal pursuits and pleasures of life; mental anguish and feelings of economic insecurity caused by disability; income loss in the past; impairment of earning capacity or ability in the future, including impairment in the normal progress in the plaintiff's earning capacity due to his physical condition. You have not been presented with any medical bills in this case. If there is recovery in this case, the lawyers and I will handle this.

If the plaintiff has proven his claim against the defendant by a preponderance of the evidence, you must determine the damages to which the plaintiff is entitled. You should not interpret the fact that I have instructed you about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case. It is your task first to decide whether the defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the defendant is liable and that the plaintiff is entitled to recover money from the defendant.

If you find the defendant liable, plaintiff is entitled to recover an amount that will fairly

compensate him for any damages he has suffered to date.

If you find that the plaintiff is reasonably certain to suffer damages in the future from his injuries, then you should award him the amount you believe would fairly compensate him for such future damages.

An award of future damages necessarily requires that payment be made now for a loss that plaintiff will not actually suffer until some future date. If you should find that the plaintiff is entitled to future damages, including future earnings, then you must determine the present worth in dollars of such future damages.

If you award damages for loss of future earnings, you must reduce any award by the amount of the expenses that the plaintiff would have incurred in making those earnings. Additionally, if you make an award for future loss of earnings, you must reduce it to present value by considering the interest that the plaintiff could earn on the amount of the award if he made a relatively risk-free investment. The reason why you must make this reduction is because an award of an amount representing future loss of earnings is more valuable to the plaintiff if he receives it today than if he received it in the future, when he would otherwise have earned it. It is more valuable because the plaintiff can earn interest on it for the period of time between the date of the award and the date he would have earned the money. Thus you should adjust the amount of any award for future loss of earnings by the amount of interest that the plaintiff can earn on that amount in the future. However, you must not make any adjustment to present value for any damages you may award for future pain and suffering or future mental anguish. The report of the economist may assist you in making this calculation.

If you find that the plaintiff is entitled to an award of damages for loss of future earnings,

you should consider loss after income taxes; that is, you should determine the actual or net income that plaintiff has lost or will lose, taking into consideration that any past or future earnings would be subject to income taxes. You must award the plaintiff only his net earnings after tax. This is so because any award you may make here is not subject to income tax. The federal or state government will not tax any amount which you award on this basis.

You may award damages for aggravation of a pre-existing injury or physical defect resulting from physical injury to the plaintiff. If you find that there was such an aggravation, you should determine, if you can, what portion of the plaintiff's condition resulted from the aggravation, and make allowance in your verdict only for the aggravation.

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate - to avoid or minimize those damages.

If you find the defendant is liable and the plaintiff has suffered damages, the plaintiff may not recover for any item of damage which he could have avoided through reasonable effort. If you find by a preponderance of the evidence the plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny him recovery for those damages which he would have avoided had he taken advantage of the opportunity.

You are the sole judge of whether the plaintiff acted reasonably in avoiding or minimizing his damages. An injured plaintiff may not sit idly by when presented with an opportunity to reduce his damages. However, he is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. The defendant has the burden of proving the damages which the plaintiff could have mitigated. In deciding whether to reduce the plaintiff's damages because of his failure to mitigate, you must weigh all the evidence in light of

the particular circumstances of the case, using sound discretion in deciding whether the defendant has satisfied his burden of proving that the plaintiff's conduct in not seeking employment was not reasonable.

If you find that plaintiff failed to mitigate his damages, do not include in your award any sums you believe he could have earned or can earn in the future.